The opinion of the Court was delivered by
Glover, J.
Partnership property having been sold under executions in favor of a separate and a joint creditor, the former claims the proceeds of the sale by virtue of his older execution. His prior lien gives him a preference in any disposition made of the debtor’s interest in the surplus remaining after payment of the joint debts; but it is subordinate to the lien of the other partners and joint creditors on the partnership property. The appellant is subrogated to all the rights of John P. Baum, and his quantum of interest is a distributive share in the surplus remainiug after the partnership debts are paid. In the case of White vs. Union Ins. Co., 1 N. & McC. 556, it was decided, that the effects of a copartnership ought to go in the first place to the payment of the copartnership debts, and if there be a surplus, then to the payment of the private debts of each partner, in proportion to his share in the joint funds. Until Murrell’s execution was satisfied, there could be no surplus in the proceeds of the sale applicable to the payment of J. P. Baum’s private debts.
The order made by the Circuit Judge disposes of the fund in the hands of the Sheriff, according to the legal rights of the parties, and the motion is dismissed.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion dismissed.